FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 04 2019 ★

BROOKLYN OFFICE

RD____ 12/4/19
2.8.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
ELIZABETH GRANT; GRACE GRANT,

                Plaintiffs,

    -against-

DEPARTMENT OF CORRECTIONS;
OFFICER LORA; OFFICER HARRIS;
OFFICER MOHAMMED; OFFICER STERLING;
QUEENS SUPREME COURT; ANGELA REYES,
INMATE; BIBI SUARES, WARDEN; and JUDGE
ZARO, QUEENS SUPREME COURT JUDGE.

                Defendants.
--------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

**MEMORANDUM AND
ORDER TO SHOW CAUSE**
19-CV-3380 (RRM) (LB)

       While incarcerated in the Rose M. Singer Center ("RMSC") on Rikers Island, where she

was awaiting trial in the Supreme Court of the State of New York, Queens County, *pro se*

plaintiff Elizabeth Grant filed this action against the New York City Department of Corrections,

the acting warden of RMSC, four officers employed at RMSC, a fellow inmate, the Queens

County Supreme Court, and a Justice of that Supreme Court.[1] Grant's pleading is not entirely

legible, but appears to complain about jail conditions and about delays in her criminal case,

which Grant perceives as delaying her release. The complaint does not seek money damages but

only injunctive relief. Grant primarily seeks an order directing that she be released from jail. In

the alternative, she seeks an order either directing defendant officers and inmate Reyes to stay

---

[1] Although the caption of the complaint lists Grant's mother, Grace Grant, as a plaintiff, the complaint is signed only
by Grant. Any claims Grant is making on behalf of her mother are dismissed. *See* Fed. R. Civ. P. 11(a) (pleadings
must be signed by a party personally if the party is unrepresented); *Cheung v. Youth Orchestra Found. of Buffalo,
Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (*pro se* litigant cannot represent anyone other than herself, not even her own
relatives).

away from her and/or to refrain from yelling at her and encouraging other inmates to fight with her, or an order directing that she be transferred to another building.

The Court will take judicial notice of the fact that, since the time she commenced this action, Grant has been released from Rikers Island. Although she was convicted of assault in the second degree and other lesser offenses, she was sentenced to a total of six months' imprisonment in late October 2019. Since she had already been in jail for over six months, she was released from custody. Grant has not yet formally advised the Court of her change of address, but recent filings in another case that Grant has pending before this Court and in a civil case that she commenced in the Supreme Court of the State of New York, Queens County, on November 22, 2019, reflect that she is currently residing at a dwelling in East Elmhurst, Queens. *See Grant v. Queens Sup. Ct.*, No. 19-CV-3244 (RRM) (LB), Doc. No. 38; *Grant v. NYPD 115th Pct.*, Queens County Index No. 719792.

A district court is required to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In addition, federal courts have an independent obligation to examine the basis of their jurisdiction. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"In order for a federal court to retain jurisdiction over a case, an actual controversy must exist 'at all stages of review, not merely at the time the complaint is filed.'" *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975)). "A case that becomes moot at any point during the proceedings is no longer a 'Case' or 'Controversy' for purposes of Article III, and is outside the jurisdiction of the federal courts.

*United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (internal quotation marks and

citation omitted). "A case is deemed moot where the problem sought to be remedied has ceased,

and where there is 'no reasonable expectation that the wrong will be repeated.'" *Prins*, 76 F.3d

at 506 (quoting *Preiser*, 422 U.S. at 402). "It is settled in this Circuit that a transfer from a

prison facility moots an action for injunctive relief against the transferring facility." *Id.* (citing

*Young v. Coughlin*, 866 F.2d 567, 568 n. 1 (2d Cir. 1989); *Beyah v. Coughlin*, 789 F.2d 986, 988

(2d Cir. 1986)). Similarly, "[w]here a prisoner has been released from prison, his claims for

injunctive relief based on the conditions of his incarceration must be dismissed as moot."

*Ackridge v. Aramark Corr. Food Servs.*, No. 16-CV-6301 (KMK), 2018 WL 1626175, at *22

(S.D.N.Y. Mar. 30, 2018) (quoting *Pugh v. Goord*, 571 F. Supp. 2d 477, 489 (S.D.N.Y. 2008)).

     In this case, Grant is seeking only injunctive relief relating to conditions at Rikers Island

and her release from jail. Since she has been released from custody, this action appears to be

moot. Accordingly, it is

     ORDERED that Grant shall show cause in a writing filed within thirty days from the date

of this Order why this action should not be dismissed as moot. If Grant does not either comply

with this Order or request an extension of the time to do so, judgment will enter in favor of

defendants without further notice from the Court. The Clerk of Court is respectfully directed to

update the docket sheet to reflect Grant's current address, to mail a copy of this Order to Grant at

that address, and to note the mailing on the docket sheet.

So Ordered.

s/Roslynn R. Mauskopf

_____

ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
    Dec 2 , 2019

3